# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-1735V**

AMY S. MCALLISTER,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 17, 2026

*Braden Andrew Blumenstiel, The Law Office of DuPont & Blumenstiel, Dublin, OH, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 23, 2022, Amy S. McAllister filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination she received on November 26, 2019. Petition, ECF No. 1. On March 17, 2026, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 47.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $31,218.08 (representing $30,668.50 in fees plus $549.58 in costs). Counsel for Petitioner Amy McAllister's Motion for Fees and Expenses ("Motion") filed June 23, 2026, ECF No. 50. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 50 at 2.

On June 23, 2026, Respondent filed a Joint Status Report regarding Petitioner's Motion, stating that Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case. Joint Status Report ("JSR"), ECF No. 51. The parties also represent that they have conferred regarding the Motion and the overall amount sought. *Id*. As the joint status report states,

> **[a]fter discussion, petitioner indicated that she is willing to accept a lump sum total of $25,946.21 in satisfaction of petitioner's Application. Respondent does not object to the agreed upon amount of $25,946.21 and submits that amount is appropriate and reasonable under the circumstances of this case.**

*Id*.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I have reviewed the billing records submitted with the Joint Status Report. The fees request appears reasonable, and I find no cause to reduce the requested amount.

**Accordingly**, **Petitioner is awarded fees and costs in the total amount of $25,946.21 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.